## ECKER AND DUDLEY to use of BETHELL v. SNOWDEN.

December 22, 1838.

*Case stated.*

A. and B., copartners, consigned goods to C., to sell on commission. B., one of the partners, gave an order in his own name to D. on C., for the proceeds, who accepted it, payable as soon as the proceeds were received, and subsequently promised to pay it absolutely: *Held,* that C. was liable on his promise to pay the amount of the order to D.

IN this action the following case was stated for the decision of the court, viz. :

[a] See the cases in the Index to this volume.

[Ecker and Dudley to use of Bethell v. Snowden.]

" On December 7, 1835, one of the plaintiffs, Dudley, gave to J. Bethell an acknowledgment of defendant, of a consignment of shingles to him for sale, by Ecker & Dudley, with his order or draft, in Bethell's favour on defendant, for 150 dollars. This draft was presented to defendant by Dr. Bethell, son of plaintiff, in his behalf, and defendant said he had sold the shingles, and would pay the draft as soon as the note which he received for the shingles was paid, and gave said Bethell a memorandum in writing, to show when the note was due, viz.: '*January* 29, 1836, 5 *months.*' On the day the note was due, said Dr. Bethell called on defendant on behalf of his father, for the money ; defendant said there was three days grace *and he would pay the draft* the day it was due—that it was a good note, and he had taken it in preference to cash at the discount. The plaintiff, Bethell, gave Dudley value for the draft at the time it was received, viz. goods which Dudley sold at a profit, viz. 300 dollars, a few days afterwards. If on the whole case the court shall be of opinion that the said Joshua Bethel is entitled to recover on the said draft, *in any form of action*, the judgment to be entered for the plaintiff, the amount thereof to be settled by the counsel, if otherwise, judgment to be entered for the defendant."

*Hirst* for plaintiff, cited Foster *v.* Andrews, 2 *Penn. R.* 160 ; Jackson *v.* Tilghman, 1 *Miles* 31 ; *Gow on Part.* 67.

*Chew*, contra, said that the debt was due to the firm of Ecker & Dudley, and that one partner cannot pledge a partnership security for his private debt, without consent of the other partners, 4 *Johns. Rep.* 251 *to* 272.

PER CURIAM.—The queston is not whether the parol acceptance of the draft by Snowden, binds him as upon an acceptance of a negotiable instrument, because here it was conditional. But the case stated finds an express promise to pay the draft, subsequent to the acceptance, and there was a sufficient consideration for that promise. There does not even appear to have been a dissent to the payment to Bethell, or the giving of the draft to him by Dudley, on the part of the other partner.

Judgment for plaintiff.